UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LARIOS,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT LUNARDI, et al.,<br><br>    Defendants. | No. 2:15-cv-02451-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Timothy Larios ("Plaintiff") filed this lawsuit claiming Defendants Scott Lunardi, Mel Hutsell, T.A. Garr, Lieutenant Foster, R.J. Jones and Joseph A. Farrow ("Defendants") violated his rights when they searched his personal cellular phone. Presently before the Court is Defendants' partially opposed Motion to Dismiss, which, for the reasons that follow, is GRANTED in part, and DENIED in part.[1]

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

## BACKGROUND[2]

Plaintiff was an officer with the California Highway Patrol ("CHP") and was assigned to the Shasta Interagency Narcotics Task Force. He was issued a cell phone by the CHP, and he also had a personal cell phone.

In September 2014, plaintiff was removed from his position and was told that he was the subject of an internal investigation. The investigation was led by Defendants Lunardi and Hutsell. During the course of those proceedings, Plaintiff was ordered to relinquish his state issued phone. As part of the investigation, that phone and Plaintiff's thumb drives, locker, work truck, and desk were all searched. In the meantime, Plaintiff was also removed from patrol and was advised that he was not authorized to engage in any law enforcement activities.

Despite these directives, Plaintiff was nonetheless tasked in October 2014 with preparing a search warrant. After Internal Affairs investigators questioned why Plaintiff was permitted to perform this task, his supervisor, Officer Garr, restricted Plaintiff to performing only special assignments under his direct supervision. This restriction of Plaintiff's job duties was as a result of the above ongoing investigation.

On November 6, 2014, Plaintiff met with Lieutenant Foster, Officer Lunardi and one other unidentified officer in Lieutenant Foster's office. Prior to that meeting, Lieutenant Foster advised Plaintiff that he would not need a union representative to be present. Despite that advice, Plaintiff contacted his union representative, who accompanied him.

The purpose of the meeting was to confiscate Plaintiff's personal cell phone. Plaintiff refused to give up his phone on grounds that it contained purely personal information. In response, Lunardi provided Plaintiff with a memorandum from Jones, in which Jones directed that Plaintiff's phone had to be turned over so that the CHP could

---

[2] The following of recitation of facts is taken, sometimes verbatim, from the allegations contained in Plaintiff's FAC. ECF No. 13.

"conduct a data extraction to retrieve all work product." ECF No. 13 at 6.  The memo warned that Plaintiff would be subject to "charges/disciplinary action" if he failed to cooperate.  Id.

Plaintiff objected to the order and offered to voluntarily show Officer Lunardi any and all work product stored on Plaintiff's personal phone.  Officer Lunardi, in turn, rejected Plaintiff's offer and assured Plaintiff that his personal phone would only be confiscated for three to four hours.  According to Plaintiff, he was concerned he might be subject to criminal prosecution if he failed to obey his superior's directives, and therefore eventually relinquished his personal phone to Officer Lunardi.

Plaintiff's phone was returned to him approximately eight hours later.  Upon its return, Plaintiff noticed that phone calls had been made from his device after he had turned it over and that all of the information stored on the phone had been searched and downloaded.

Plaintiff was subsequently informed that he was suspected of violating a number of sections of the California Penal Code.  Eventually, on two separate occasions, Plaintiff was issued Miranda warnings and was interrogated by Defendants.  Officers Lunardi and Hutsell questioned Plaintiff about personal information discovered on his phone, and Officer Hutsell admitted that the reason Plaintiff's phone had been searched was to gather that personal information.  As a result of the investigation, Plaintiff was terminated.

On November 11, 2015, Plaintiff filed this action against defendants Farrow, Lunardi, Hutsell, Garr, Foster, and Jones.  Defendants moved to dismiss that complaint, and Plaintiff responded by filing a First Amended Complaint ("FAC") setting forth three causes of action. Plaintiff's First Cause of Action arises under 42 U.S.C. § 1983 and alleges violations of his: (1) First Amendment rights to speech and association; (2) Fourth Amendment rights to be free from unreasonable search and seizure; (3) Fourteenth Amendment right to due process; and (4) right to privacy under the Fourth and Ninth Amendments.  In his Second Cause of Action, Plaintiff alleges an actionable

conspiracy under 42 U.S.C. § 1985(3) and a failure to prevent that conspiracy under 42 U.S.C. § 1986. Finally, based on the constitutional violations set forth elsewhere in the FAC, Plaintiff alleges in his Third Cause of Action that Defendants violated California Civil Code § 52.1

Defendants moved to dismiss the FAC in its entirety, and Plaintiff conceded that dismissal of a number of his claims is proper. Given his non-opposition, the following claims are thus DISMISSED with prejudice: (1) Plaintiff's § 1983 cause of action to the extent it is based on Plaintiff's rights to speech, association and privacy under the First, Fourth, Ninth and Fourteenth Amendments; (2) Plaintiff's Second Cause of Action in its entirety; and (3) for injunctive relief against Defendant Farro.[3] The only claims that remain for adjudication are Plaintiff's Fourth Amendment search and seizure cause of action and his derivative claim under California Civil Code § 52.1.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

---

[3] Plaintiff argues that he also pled a violation of his right under the Fourteenth Amendment to protection from government interference of familial associations. Roberts v. U.S. Jaycees, 468 U.S. 609, 619 (1984) (fourteenth amendment protects relationships that "attend [to] the creation and sustenance of a family" and "highly personal relationships"). That argument is not persuasive. Plaintiff does not come even close to adequately stating such a claim. Indeed, he has failed to identify any family relationship or how the challenged search interfered with that relationship. Defendant's motion to dismiss this purported claim is thus GRANTED with leave to amend.

detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. "Plaintiff's Fourth Amendment Cause Of Action Is Sufficiently Pled.

"It is well settled that the Fourth Amendment's protection extends beyond the sphere of criminal investigations."  City of Ontario, Cal. v. Quon, 560 U.S. 746, 755 (2010).  "'The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government,' without regard to whether the government actor is investigating crime or performing another function."  Id. at 755-56 (quoting Skinner v. Railway Labor Executives' Assn., 489 U.S. 602, 613-14 (1989)).  "The Fourth Amendment applies as well when the Government acts in its capacity as an employer."  Id. at 756.

The analysis of whether a government employer has violated the Fourth Amendment involves two steps.  Id.  "First, because some government offices may be so open to fellow employees or the public that no expectation of privacy is reasonable, a court must consider the operational realities of the workplace in order to determine whether an employee's Fourth Amendment rights are implicated."  Id. (internal quotation marks and citations omitted).  "On this view, the question whether an employee has a reasonable expectation of privacy must be addressed on a case-by-case basis."  Id. at

756-57 (internal quotation marks and citations omitted).  "Next, where an employee has a legitimate privacy expectation, an employer's intrusion on that expectation for noninvestigatory, work-related purposes, as well as for investigations of work-related misconduct, should be judged by the standard of reasonableness under all the circumstances." Id. at 757 (internal quotation marks and citations omitted).[4]

### 1. Plaintiff had a reasonable expectation of privacy as to his personal cell phone.

Plaintiff's privacy interest turns in part on the "operational realities of the workplace." Quon, 560 U.S. at 756-57.  For example, an employee cannot reasonably have an expectation of privacy if their files, offices, or devices are open to fellow employees or the public. See id. at 756.  In addition, an employee's expectation of privacy may be shaped by an employer's policies.  See id. at 760.

According to Defendants, Plaintiff had a diminished expectation of privacy in his personal cell phone because he was on notice that he would have to relinquish any work on personal devices upon demand.  Indeed, General Order 100.95 of the CHP's Policy and Guidelines ("Order") states that "[w]ork stored on any type of electronic device is the property of the state and must be relinquished upon demand." See Defendants' Request for Judicial Notice.  ECF No. 15-2 at 16.[5]  Plaintiff correctly counters, however, that "this policy is silent as to whether its officers must submit their cellular telephones [for] inspection." ECF No. 13 at 3.

Contrary to Defendants' arguments, Plaintiff maintains a reasonable expectation of privacy in his password protected personal cell phone, despite having used it at times for work with the permission of his government employer, and even in the face of notice

---

[4] The Court notes that there is a marked lack of clarity as to whether this is the test a current Supreme Court would employ because this standard was articulated by only a plurality of an earlier court. O'Connor v. Ortega, 560 U.S. 709 (1987).  Justice Scalia did not join in the plurality decision and would have applied a slightly different test.  Under any articulation of the applicable law, however, this Court finds that the result would be the same.  Plaintiff has adequately pled a claim sufficient to survive the instant Motion.  There is similarly no need for the Court to import the more stringent Fourth Amendment case law into this context because Defendants' Motion fails under any of the articulated standards.

[5] Defendants' unopposed Requests for Judicial Notice are GRANTED.

1  that any work product would have to be turned over to the state.  Knowing that work
2  product would remain open to inspection in no way puts an employee on notice that the
3  government will also have carte blanche to review everything an employee keeps on his
4  or her phone.  To be sure, if the government's argument is taken to its logical
5  conclusion, permissively keeping work files at home would permit the government to
6  search an employee's house.  Certainly employees have a legitimate expectation of
7  privacy in their homes, and their interest in the contents of their cell phones is not
8  materially different.  In fact, "a cell phone search would typically expose to the
9  government far more than the most exhaustive search of a house: A phone not only
10 contains in digital form many sensitive records previously found in the home; it also
11 contains a broad array of private information never found in a home in any form—unless
12 the phone is." Riley v. California, ___ U.S. ___, 134 S. Ct. 2473, 2491 (2015).
13 Accordingly, the Court finds that Plaintiff has adequately pled a reasonable expectation
14 of privacy in the contents of his phone.

**2.  The Government's search of Plaintiff's cell phone was unreasonable.**

17 "[W]hen conducted for a "noninvestigatory, work-related purpos[e] or for the
18 investigatio[n] of work-related misconduct, a government employer's warrantless search
19 is reasonable if it is justified at its inception and if the measures adopted are reasonably
20 related to the objectives of the search and not excessively intrusive in light of the
21 circumstances giving rise to the search." Quon, 560 U.S. at 761.  Based on the
22 allegations in the FAC, a jury could find that the instant search was not justified at its
23 inception.  According to Plaintiff, the search was conducted for the purpose of pursuing
24 criminal charges, and thus was not necessarily directed at work-place misconduct.
25 However, even if the search was originally justified because it was initiated for some
26 permissible purpose, the measures purportedly adopted by Defendants to search
27 Plaintiff's phone were not at all reasonably related to the objectives of the search and
28 were, to the contrary, excessively intrusive under the circumstances.

///

In this case, Plaintiff has alleged that Defendants searched everything contained on his phone. They purportedly confiscated his device, extracted all data, and made phone calls from the device. According to Plaintiff, Defendants were not looking for a particular type of data or limiting their search to a particular time frame. If those allegations prove correct, Defendants clearly overstepped the bounds of the Fourth Amendment.[6] Defendants' Motion to Dismiss Plaintiff's Fourth Amendment cause of action is therefore DENIED.[7]

### 3. Defendants are not entitled to qualified immunity.

In order to be entitled to qualified immunity, a defendant must have violated a constitutional right that was not clearly established at the time of the violation. Saucier v. Katz, 533 U.S. 194, 202 (2001); Pearson v. Callahan, 555 U.S. 223, 235 (2009). The unlawfulness alleged must be apparent in light of the preexisting law.

Defendants argue that the constitutional violation was not clearly established here because government employers were permitted to search employees according to the agency's policy and to investigate work-related misconduct. More specifically, they contend that "Defendants could have reasonably believed that the inspection of Plaintiff's phone was lawful as long as (1) they had a reasonable belief that he used the phone to conduct work-related misconduct; and (2) the search was tailored to find only evidence of the work-related misconduct." ECF No. 15-1 at 17. Even assuming Defendants are correct, they are not entitled to qualified immunity at this juncture because that is not what Plaintiff alleges they did. Plaintiff alleges they went well beyond investigating work-related misconduct via an appropriately tailored search and instead

---

[6] Manasco v. Bd. of Police Comm'rs, No. 4:11-CV-00557-CDP, at *4-7 (E.D. Mo. Apr. 1, 2011), which is heavily relied upon by Defendants, is inapposite. First, that is a case from the District of Missouri and has, at most, only minimally persuasive value here. Moreover, the search there was much more narrowly tailored than the one articulated in Plaintiff's complaint. It is thus of little relevance to the issues before this Court.

[7] Plaintiff's third claim for relief under California Civil Code section 52.1 is derivative of this claim so Defendants' Motion to Dismiss Plaintiff's Third Cause of Action is DENIED as well.

used such an investigation as a pretense to target <u>all</u> of Plaintiff's personal information in the hopes of locating evidence of conduct that could be charged criminally.  Especially in light of <u>Riley</u>'s discussion of just how much information is now housed on personal cellular devices, and assuming the truth of Plaintiff's allegations, an employee's right not to be subjected to such an exhaustive search was clear.  Defendants' Motion to Dismiss on the basis of qualified immunity is DENIED.

### B. Defendants Garr and Hutsell.

Defendants move to dismiss the claims against Garr and Hutsell because the allegations against them are either conclusory or do not indicate any wrongdoing.  A person acting under the color of state law is liable under section 1983 when there is a showing of a personal participation in the alleged rights deprivation.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Defendants' arguments are well taken.

According to the FAC, Officer Garr only participated in Plaintiff's investigation by placing Plaintiff on restrictive special assignments, which he was to personally supervise.  It is not reasonable to infer that Officer Garr took part in Plaintiff's investigation just because he was supervising Plaintiff.  Similarly, although Officer Hutsell led the investigation into Plaintiff's conduct, questioned Plaintiff after he was mirandized, and advised Plaintiff at some point after Plaintiff's phone had been searched that the purpose of examining the cell phone was to gather personal information, Plaintiff does not allege that Officer Hutsell was involved in the search or knew that it occurred until after the fact.  Defendants' Motion to Dismiss claims against Officers Garr and Hutsell is thus GRANTED with leave to amend.

### CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 15, is adjudicated as follows:

1. The Motion is DENIED as to Plaintiff's Fourth Amendment right to be free from

unreasonable searches and seizures.

2. The Motion is GRANTED without leave to amend as to Plaintiff's Fourteenth Amendment due process claim.

3. The Motion is GRANTED without leave to amend as to Plaintiff's First, Fourth, Ninth, and Fourteenth Amendment right to freedom of speech, association, and privacy claims. Claims under the First, Fourth, and Ninth Amendment are DISMISSED without leave to amend. Plaintiff's Fourteenth Amendment association claim is DISMISSED with leave to amend.

4. The Motion is GRANTED without leave to amend as to Plaintiff's conspiracy claim in the Second Cause of Action.

5. The Motion is DENIED as to Plaintiff's Third Cause of Action for violation of California Civil Code § 52.1.

6. The Motion is GRANTED as to claims against Defendants Farrow, Hutsell and Garr. All claims against Defendants Hutsell and Garr are DISMISSED with leave to amend. All claims against Defendant Farrow are DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: November 10, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE