UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TIMOTHY LARIOS,

    Plaintiff,

v.

SCOTT LUNARDI, et al.,

    Defendants.

No. 2:15-cv-02451-MCE-CMK

**MEMORANDUM AND ORDER**

Plaintiff Timothy Larios originally initiated this lawsuit against six defendants—Scott Lunardi, Mel Hutsell, T.A. Garr, Lieutenant Foster, R.J. Jones, and Joseph A. Farrow—claiming they violated his rights by searching his personal cellular phone. Defendants, however, filed a Motion to Dismiss, ECF No. 15, which was granted in part and denied in part, ECF No. 22. All of Plaintiff's claims except those premised on the Fourth Amendment were dismissed for failure to state a claim. The motion also eliminated Plaintiff's claims in their entirety against Defendants Hutsell, Garr, and Farrow. Plaintiff was given leave to amend his claims against Hutsell and Garr, but the claims against Farrow were dismissed with prejudice. He then filed a Second Amended Complaint ("SAC"), ECF No. 23, which re-alleges claims against Hutsell, but not against

///

///

Garr. Currently before the Court is Defendants' Motion to Dismiss those remaining claims. ECF No. 24. For the reasons that follow, that Motion is GRANTED.[1]

## BACKGROUND[2]

Plaintiff was an officer with the California Highway Patrol ("CHP") and was assigned to the Shasta Interagency Narcotics Task Force. While working for the CHP, Plaintiff had both a cell phone issued to him by the CHP and a personal cell phone.

In September 2013, Plaintiff was removed from his position and was told that he was the subject of an internal investigation. The investigation was led by Defendants Lundardi and Hutsell. During the course of those proceedings, Plaintiff was originally ordered to relinquish only his state-issued phone for searching. However, on November 6, 2014, Plaintiff was also ordered to hand over his personal phone.

On that day, Plaintiff met with Lieutenant Foster, Officer Lunardi, and an unidentified officer in Lieutenant Foster's office. Despite Lieutenant Foster having advised Plaintiff that he would not need a union representative to accompany him, Plaintiff's union representative was also present. Plaintiff initially refused to give up his phone on grounds that it contained purely personal information. In response, Lunardi provided Plaintiff with a memorandum that was written by Jones and directed Plaintiff to relinquish his phone so that the CHP could "conduct a data extraction to retrieve all work product." ECF No. 23, ¶ 18. The memorandum warned that Plaintiff would be subject to "charges/disciplinary action" if he failed to cooperate. Id.

Plaintiff continued to object and offered to voluntarily show Officer Lunardi any and all work product stored on Plaintiff's personal phone. Officer Lundardi rejected

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

[2] The following recitation of facts is taken, sometimes verbatim, from the allegations contained in Plaintiff's SAC.

2

Plaintiff's offer and assured Plaintiff that his personal phone would only be confiscated for three to four hours. Because Plaintiff was concerned he might be subject to criminal prosecution if he failed to obey his superior's directives, he eventually relinquished his personal phone to Officer Lunardi.

Plaintiff's phone was returned to him approximately eight hours later. Upon its return, Plaintiff noticed that phone calls had been made from his device after he had turned it over and that all of the information stored on the phone had been searched and downloaded.

Plaintiff was subsequently informed that he was suspected of violating a number of sections of the California Penal Code. On two separate occasions, Plaintiff was issued Miranda warnings and interrogated by Defendants. Officers Lunardi and Hutsell questioned Plaintiff about personal information discovered on his phone, and Officer Hutsell admitted that the reason Plaintiff's phone had been searched was to gather that personal information. As a result of the investigation, Plaintiff was terminated. This action followed.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Id. (citation omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 555 n.3 (citation omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94–95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

In its prior Order, the Court found the following allegations against Hutsell insufficient to state a claim that Hutsell had violated Plaintiff's Fourth Amendment rights: "Hutsell led the investigation into Plaintiff's conduct, questioned Plaintiff after he was mirandized, and advised Plaintiff at some point after Plaintiff's phone had been searched that the purpose of examining the cell phone was to gather personal information." Mem. & Order, ECF No. 22, at 10. These allegations were insufficient because "Plaintiff d[id] not allege that Officer Hutsell was involved in the search or knew that it occurred until after the fact." Id.

Seemingly to remedy this error, Plaintiff amended his complaint to include the following allegation:

> On information and belief, OFFICERS, including but not limited to HUTSELL and LUNARDI, searched the entirety of the telephone and downloaded and kept personal and private information of plaintiff.

SAC, ¶ 23. This purely conclusory statement, however, is insufficient to state a claim against Hutsell. Plaintiff's bald assertion that Hutsell searched his personal phone fails to contain enough factual allegations to "nudge[] [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. In contrast, to support his claims against other Defendants, Plaintiff either alleges that they were present when Plaintiff was told to hand over his cell phone (Lunardi and Foster) or that they wrote the

5

memorandum directing Plaintiff to relinquish it (Jones). Plaintiff fails to provide any similar factual allegations to make his claim that Hutsell searched his personal cell phone sufficiently plausible under the Twombly/Iqbal standard.

**CONCLUSION**

For the reasons above, Defendants' Motion to Dismiss, ECF No. 24, is GRANTED with leave to amend. Plaintiff may (but is not required to) file an amended complaint not later than twenty (20) days following the date this Memorandum and Order is electronically filed. If no amended pleading is timely filed, the causes of action dismissed by virtue of this order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: April 18, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE