XAVIER BECERRA, State Bar No. 118517
Attorney General of California
KRISTIN M. DAILY, State Bar No. 186103
Supervising Deputy Attorney General
WILLIAM H. DOWNER, State Bar No. 257644
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6120
  Fax: (916) 324-5567
  E-mail: William.Downer@doj.ca.gov
*Attorneys for Defendants Scott Lunardi, Kyle Foster, and Robert Jones*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LARIOS,<br><br>                     Plaintiff,<br><br>v.<br><br>SCOTT LUNARDI, ET AL.,<br><br>                     Defendants. | 2:15-cv-02451-MCE-CMK<br><br>**DECLARATION OF PETER PHURCHPEAN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION** |

I, Peter Phurchpean, declare as follows:

1. All of the facts set forth below are of my personal knowledge and, if called upon to testify, I could and would competently testify to the following.

2. I am a California Highway Patrol (CHP) Officer assigned to the Computer Crimes Investigation Unit (CCIU). I have worked as an investigator within the CCIU from 2011 through the present.

3. While assigned to the CCIU, I have received training and certification in the fields of Computer Crimes, EnCase Computer Forensics, Electronic Surveillance, PC Forensics, and

1

Information Security Fundamentals. I have nearly 7 years of experience performing forensic data extractions from devices such as computers, data storage devices and cellular telephones.

4. I was assigned to perform multiple electronic data extractions in connection with the CHP's internal administrative investigation of CHP Officer Tim Larios.

5. On September 3, 2014, Lieutenant Helena Williams of the CHP Internal Affairs Section (IAS) requested that the CCIU perform a data extraction from the CHP network and an employee email extraction, including extracting California Email System (CES) email, network P drive data, and internet history data for Officer Timothy Larios, ID 13100, of the Redding CHP office, corresponding with the time period between September 3, 2013 and September 2, 2014. I was assigned to complete these data extractions. In other words, I was asked to access each of these items, make copies of the data stored in them, and transfer the copies of the data to IAS.

6. Before being assigned to this matter, I had performed approximately 20 email data extractions while working for CCIU. To extract Larios's email, I logged into the CES administrator website location for the CHP and conducted a search for CES user Timothy Larios. I was able to identify Larios's CES user name by searching the CHP and CHP user directories. The CES user directory is a database of all CES users accessible through the intranet. Similarly, the CHP user directory is an online database of all CHP employee users accessible through the intranet. I searched the CES user directory by bringing up the CES website, logging on with my credentials, and then accessing the search interface. Once a search box appeared, I entered the term "Larios" in the search box and clicked the search button. I was able to identify Larios's username because there was only one result corresponding with a CHP email address: Tim.Larios@chp.ca.gov. I further confirmed that this was the correct user name by searching the CHP user directory. To access Larios's user name on the CHP user directory, I clicked on the CHP user directory link, and then typed "Larios" in the search box provided and clicked search. The only result corresponding with the term "Larios" was user: Tim.Larios@chp.ca.gov. Once I confirmed Larios's user name, I logged on to the CES website, entered Larios's user name in the search bar and clicked the search button. After pressing search, Larios's user name was provided as a link. Once I clicked on the link provided, I was given the option to download the entire

2

1  email file associated with Larios's username as a .pst file. A .pst file, or personal storage table
2  file, is an open, proprietary file format used to store email messages, calendar events, and other
3  items within Microsoft Exchange software, Windows Messaging, and Microsoft Outlook. I chose
4  clicked the download option and a .pst file, which contained a copy of all email messages,
5  calendar events, and other items within Microsoft Exchange software, Windows Messaging, and
6  Microsoft Outlook, associated with username Tim.Larios@chp.ca.gov downloaded onto my
7  computer as .pst file 1728-CHPTIM.Larios.pst. I then transferred the Larios .pst file from my
8  computer to the CCIU Network Attached Storage device (NAS). A NAS is a storage device—or
9  redundant array of independent disks (RAID)—which, at the time of this extraction—was a large
10 external drive capable of storing up to 40 gigabytes of data.

11     7.   Next, I made a copy of the data stored on Larios's network P drive. Before being
12 assigned to this matter, I had performed approximately 25 network P drive extractions while
13 working for CCIU. The P Drive is a designated digital storage area on the network, shared
14 between the assigned user and the network. Any data placed on a P drive is stored on a local
15 server assigned to an area. Every CHP user is provided access to data storage through their
16 assigned P drive. To extract Larios's P-Drive files, I opened windows explorer as a network
17 administrator and navigated to the network location path where the Redding CHP office server
18 was located. Once there, I navigated to the network location path where all P-Drives were being
19 stored on the server. I was able to locate Larios's network drive path by entering Larios's CHP
20 identification number 013100 into the windows explorer search bar. Once I located the P-Drive
21 folder associated with Lario's id number, I right-clicked on the icon of the P-Drive associated
22 with 013100 and was given the option to map network drive. Once I clicked map network drive,
23 I followed a series of prompts and then was given access to Larios's network P-Drive. I then
24 copied all files and file folders located on Larios's network P drive and saved them on a folder in
25 the CCIU Network Attached Storage device. This permitted anyone reviewing this material to
26 know what data Larios maintained on his P-Drive network folder as of September 3, 2014.

27     8.   To extract Larios's internet history, I logged into the WebSense Triton WebSecurity
28 control panel. Before being assigned to this matter, I had performed approximately 10 internet

3

history data extractions while working for CCIU. Websense is an enterprise software tool that allows an employer to log employee's internet use. At the time of this extraction, CHP used Websense Triton WebSecurity to provide network security and log information regarding its employee's use of the internet while logged into and using the CHP's internet connection. In order to access Larios's internet history, I accessed the WebSense Triton WebSecurity website, and logged on using my user credentials. Once logged in, I accessed a search bar, and then accessed Larios's internet history by typing Larios's user id number 013100 into the search box, and clicked on the search command button. Upon clicking the search button, Larios's available internet use history, essentially a list of all the websites Larios had visited within a time period, populated in a separate search box. I was then able to use additional filter tools available on the WebSense site to filter the results to provide only the internet history between the date range of October 3, 2013, to September 3, 2014. Once I completed the filtering of Larios's internet history, I exported, or transferred, this data into a Microsoft excel file and saved the excel file onto the CCIU Network Attached Storage device.

9. After completing the extractions of Larios's email, P-Drive, and WebSense internet history data, I transferred the data from the CCIU Network Attached Storage device to Lieutenant Williams's P-Drive folder for her review. In addition, I created a report summarizing my extractions of Larios's email, P-Drive, and WebSense internet history data. A true and correct copy of that report is attached to this declaration as Defendants' Exhibit 37.

10. On or about September 25, 2014, I was assigned to perform a data extraction of a smartphone that was issued to CHP Officer Tim Larios (Larios) in connection with his assignment to Shasta Interagency Narcotics Task Force (SINTF). I was ordered to perform the data extraction of Larios's SINTF phone for CHP Internal Affairs Section in connection with its ongoing internal administrative investigation of Tim Larios.

11. On or about September 26, 2014, CHP IAS Sergeant Lunardi provided me with a Verizon Casio G'ZOne cell phone, model number C771, Mobile Equipment Identifier A100000FEB5D0, and serial number CVJ0505296, and informed me that this was the phone that was purportedly issued to Larios by the Shasta Interagency Narcotics Task Force for performing

4

Declaration of Peter Phurchpean in Support of Defendants' Motion for Summary Judgment or in the Alternative Motion for Summary Adjudication (2:15-cv-02451-MCE-CMK)

his duties as a SINTF agent (hereinafter referred to as the Larios SINTF Phone). The Larios SINTF Phone was equipped with a camera that was capable of taking digital photographs and video, accessing the internet or World Wide Web and email. The phone is also equipped with a touch screen interface and used an Android operating system.

12. The Larios SINTF phone contained an 8 gigabyte SanDisk micro secure digital high capacity card (hereinafter referred to as SDHC). An SDHC is a memory card, or storage device, that enables portable devices such as mobile phones store substantial amounts of data. They are commonly used by mobile "smart" phones that employ the Android operating system. Most often SDHC enable non-Apple smart phone users to store data that occupy substantial amounts of memory such as photographs, videos, and sometimes software applications on a small portable electronic device such as a smart phone.

13. I photographed the Larios SINTF phone and the SDHC. True and correct copies of the photographs that I took of the Larios SINTF phone are attached to this declaration as Defendants' Exhibit 18.

14. I first performed a data extraction from the SDHC that I removed from the Larios SINTF Phone. To extract data from the SDHC, I connected the SDHC to an SDHC card adapter—i.e. a USB cable with a SDHC docking device—and then connected the other end of the adapter to a properly tested, write protected device (Tableau T35689iu Forensic Bridge) that was then attached to a forensic computer I was using to complete the extraction. The purpose of connecting the SDHC adaptor to a write-protected Forensic Bridge was to allow my computer to read and make a forensically precise copy of the SDHC without overwriting any data onto the SDHC and thereby compromising the forensic integrity of the SDHC. I tested the Forensic Bridge to ensure that it was working properly before using it by: (1) connecting the Forensic Bridge to a previously assigned test drive with a document stored on it; (2) connecting the forensic bridge to my computer; and (3) attempting to transfer a test document from the computer to the drive that is connected to the forensic bridge. If the Forensic Bridge is working properly, it does not permit a user to transfer anything on to the device that is connected to the forensic bridge. After establishing that the forensic bridge was working properly, and then connecting the

5

Declaration of Peter Phurchpean in Support of Defendants' Motion for Summary Judgment or in the Alternative Motion for Summary Adjudication (2:15-cv-02451-MCE-CMK)

1  SDHC to my device using the Forensic Bridge, I obtained a forensic image of the SDHC using
2  Guidance Software's EnCase 7.10.00.103. A forensic image is a bit-by-bit, sector-by-sector
3  direct copy of a physical storage device. To make a forensic image of the SDHC, I opened
4  EnCase on my computer, clicked the add evidence button, then clicked on add local device and
5  directed EnCase to detect the connected SDHC attached via the Forensic Bridge. Once the
6  EnCase software detected the attached SDHC it provided an image of the file structure of the
7  SDHC with a series of check boxes next to the file. Once I located the SDHC, I instructed the
8  EnCase Software to create a forensic image of the connected SDHC by clicking the "acquire"
9  button on the EnCase dashboard. Once EnCase created the forensic image file (called an "E01"
10 file) of the SDHC, I saved the file to the CCIU Network Attached Storage device. Before being
11 assigned to this matter, I had performed approximately 30 data extractions using a Forensic
12 Bridge and the EnCase software to obtain a forensic image of a device.

13    15.   After saving the forensic image of the SDHC, I loaded it into EnCase and then
14 converted the forensic image into a readable HTML report for further examination and analysis
15 by IAS. HTML stands for "hypertext markup language." It is used for documents that are
16 displayed in a web browser, a format that makes it easy to review data extracted from
17 smartphones and other devices.

18    16.   After imaging the data from the SDHC, I performed a data extraction on the Larios
19 SINTF phone. To extract the data from the Larios SINTF phone, I performed a logical extraction
20 using a properly tested write protected device (Cellebrite's Universal Forensic Extraction Device
21 (UFED) Touch, Version 4.0.0.220, serial number 5919497). The Cellebrite UFED is a hardware
22 device in the shape of a box with a touch screen interface. The Cellebrite UFED is loaded with a
23 proprietary software that, when connected to a cell phone, can access and extract the digital data
24 of the phone in a forensically sound copy. A logical extraction is a process that uses forensic
25 tools to make a forensic image or copy of a phone or other mobile electronic device, including all
26 contacts, call logs, Short Message System (SMS) messages, Multimedia Message System (MMS)
27 Messages, images, videos and other data, but does not recover deleted items. To perform a
28 logical extraction of the Larios SINTF phone, I connected the Larios SINTF phone to the

6

1  "source" port of the Cellebrite UFED using a micro USB cable. I then connected an external hard drive to the "target" port of the Cellebrite UFED. Once connected, the Cellebrite UFED auto-detected the type of device connected to it and displayed several options, including the option of performing a logical extraction. I selected the logical extraction option from the menu displayed. Once I selected logical extraction, a different menu displayed with options of data that was available for extraction, including all contacts, call logs, Short Message System (SMS) messages, multimedia Message System (MMS) Messages, images, videos and other data. I selected all available data and then pressed the start button on the device. Once the data extraction was complete, I saved all extracted data from the Larios's SINTF phone to the external hard drive disk (serial number WXK1A103989) that I had connected to the Cellebrite UFED "target" port.

17. After completing the data extraction of the Larios SINTF phone, I loaded the logical extraction file to Cellebrite's UFED Physical Analyzer and completed a forensic analysis of Larios's SINTF phone. This process converted the logical extraction file into a readable HTML report. Before being assigned to this matter, I had performed approximately 20 data extractions using a Cellebrite UFED and the Cellebrite UFED Physical Analyzer to extract the data from a cell phone.

18. I saved the data retrieved from this extraction, including the photos of the Larios SINTF phone and the SDHC, the Encase report from the SDHC, and the Cellebrite report from the Larios SINTF phone, to a DVD-ROM, and delivered the DVD-ROM to IAS Sergeant Lunardi on or about October 3, 2014. Based upon my examination of Officer Larios's SINTF phone, and based upon my education, training and experience, the extracted data that I delivered to Investigator Lunardi on a DVD-ROM comprise the text messages that I was able to extract from the Larios SINTF phone I received from Lunardi in connection with the administrative investigation of Timothy Larios.

19. In addition, I created a report summarizing my data extraction of Officer Larios's SINTF phone. A true and correct copy of that report is attached to this declaration as Defendants' Exhibit 38.

7

Declaration of Peter Phurchpean in Support of Defendants' Motion for Summary Judgment or in the Alternative Motion for Summary Adjudication (2:15-cv-02451-MCE-CMK)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this  30  day of  SEPTEMBER  2019, in Sacramento, California.

                                                      PETER PHURCHPEAN

SA2015303210

Declaration of Peter Phurchpean in Support of Defendants' Motion for Summary Judgment or in the Alternative Motion for Summary Adjudication (2:15-cv-02451-MCE-CMK)